UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONI SUE HOLMES,<br><br>                    Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05936-KLS<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On July 8, 2011, plaintiff filed an application for disability insurance benefits, alleging disability as of July 25, 2008. *See* Dkt. 8, Administrative Record ("AR") 18. That application was denied upon initial administrative review on September 19, 2011, and on reconsideration on February 9, 2012. *See id.* A hearing was held before an administrative law judge ("ALJ") on

ORDER - 1

December 20, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 35-67.

In a decision dated March 18, 2013, the ALJ determined plaintiff to be not disabled. *See* AR 15-34. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on October 3, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981. On November 26, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 1. The administrative record was filed with the Court on February 2, 2015. *See* Dkt. 8. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for further administrative proceedings because the ALJ erred in evaluating the medical evidence in the record. For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating the medical evidence, and thus in assessing plaintiff's residual functional capacity ("RFC"), and therefore in determining plaintiff to be not disabled.  Also for the reasons set forth below, however, the undersigned recommends that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991)

ORDER - 2

("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.   The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

Plaintiff asserts that the ALJ erred in rejecting the opinion of examining physician Dr.

ORDER - 4

Jesse McClelland, M.D. *See* Dkt. 10, pp. 2-5. Dr. McClelland performed an examination of plaintiff, including a Mental Status Examination ("MSE"), on August 16, 2011. *See* AR 436-41. In his report, Dr. McClelland opined that plaintiff "would likely not be able to deal with the usual stress encountered in the workplace," "may struggle to maintain regular attendance in the work place," and "would likely have panic attacks that interrupt her normal workday or simply get off track easily." AR 441. The ALJ gave this opinion little weight because "it is inconsistent with the doctor's fairly unremarkable mental status examination of the claimant" and because it "appears the doctor relied heavily on the claimant's subjective report of symptoms and limitations," which were found not to be credible. AR 27. The undersigned finds that these are not specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. McClelland's opinion.

First, discrepancies between a medical opinion source's functional assessment and that source's clinical notes, recorded observations and other comments regarding a claimants capabilities "is a clear and convincing reason for not relying" on the assessment. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989). However, there is no such discrepancy here because Dr. McClelland articulated why he assessed plaintiff with functional limitations, and his reasons lie outside of what the MSE analyzes. Specifically, Dr. McClelland opined:

> Her symptoms continue to worsen as is common with post traumatic stress disorder when one becomes socially isolated. Social isolation reinforces itself because the person stays home to avoid situations that promote anxiety. By giving into that anxiety and staying home, the person has more time to think about the past traumatic events and the anxiety levels increase. Their friends start to drop off as they get sick of calling because they know the person is going to say no when they ask them to do anything and the post traumatic stress disorder patient has more and more difficulty with social interactions as the levels of anxiety increase. Social

ORDER - 5

       isolation, for this reason, can be the nail in the coffin with post traumatic stress disorder. Her symptoms are likely to continue to worsen as she becomes more and more isolated, and she will need aggressive combination of psychotherapy and medications in order to start to reverse this course. Even if she does have an ideal combination of treatment, it is going to take significant time for her to get back to previous level of functioning, and she is likely to have residual psychiatric issues for the rest of her life.

AR 440.

      This reasoning, based on social isolation and its effect on plaintiff's symptomology, is not inconsistent with the MSE results; it is entirely separate from them. That Dr. McClelland found plaintiff to have fair judgment, a cooperative attitude, normal speech, sufficient concentration, and intact memory and abstract thinking in the MSE does not contradict his separate professional observations that led him to assess plaintiff with functional limitations. The diagnoses and observations of psychiatrists and psychologists constitute competent evidence when mental illness is the basis of a disability claim:

> Courts have recognized that a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as is a medical impairment and that consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine. In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devices in order to obtain objective clinical manifestations of mental illness.... [W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnoses and observations of professionals trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic technique.

*Sanchez v. Apfel*, 85 F.Supp.2d 986, 992 (C.D. Cal. 2000) (quoting *Christensen v. Bowen*, 633 F.Supp. 1214, 1220-21 (N.D. Cal. 1986)); *see also Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (opinion that is based on clinical observations supporting diagnosis of depression is

ORDER - 6

competent [psychiatric] evidence). Therefore, the ALJ's finding that Dr. McClelland's opinion was inconsistent with the MSE is not a legitimate reason for rejecting the opinion.

Second, a physician's opinion premised on a claimant's subjective complaints may be discounted where the record supports the ALJ in discounting the claimant's credibility. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (noting rejected physician's opinion relied only on claimant's subjective complaints and testing within claimant's control). "However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (internal citations omitted). As the Ninth Circuit has further clarified in another recent case:

> . . . [A]n ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) ("In sum, the ALJ appears to have relied on her doubt's about [the claimant's] overall credibility to reject the entirety of [the examining psychologist's] report, including portions that [the psychologist] deemed to be reliable."). . . .

*Ryan v. Commissioner of Social Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). As in *Ryan*, there is nothing in the evaluation reports of Dr. McClelland to suggest he "disbelieved [plaintiff's] description of her symptoms, or that [he] relied on those descriptions more heavily than his own clinical observations in reaching" his conclusion. *Id*. at 1200.

The Court notes that "experienced clinicians attend to detail and subtlety in behavior, such as the affect accompanying thought or ideas, the significance of gesture or mannerism, and the unspoken message of conversation." Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford University Press 1993). Here, Dr. McClelland performed an extensive and thorough examination, reporting many clinical observations based

ORDER - 7

on the interaction. *See* AR 436-41. For example, Dr. McClelland noted that plaintiff's affect was "anxious and tearful" and that her judgment and insight were fair, but also found that plaintiff was able to do simple calculations and was "alert and oriented to person, place, and time." AR 439. Dr. McClelland also made professional observations about plaintiff's symptomology and the effect of social isolation on those symptoms, as discussed above.

Therefore, the Court concludes that Dr. McClelland did not base his opinion of plaintiff's limitations largely on plaintiff's self-reported symptoms. Rather, he provided a medical source statement that was based on medical records, the doctor's observations, the objective results of the MSE, and plaintiff's self-reported symptoms. Thus, the ALJ's finding that the doctor's assessment appeared to be based largely on plaintiff's self-reported symptoms is not supported by substantial evidence.

Based on the above-stated reasons, the Court concludes that the ALJ's decision to give little weight to the opinion of Dr. McClelland is not specific and legitimate and supported by substantial evidence in the record. *See Lester*, 81 F.3d at 830-31 (when an examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record").

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115; *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect

ORDER - 8

the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111)).

"[T]he fact that the administrative law judge, had she considered the entire record, might have reached the same result does not prove that her failure to consider the evidence was harmless. Had she considered it carefully, she might well have reached a different conclusion." *Hollingsworth v. Colvin*, 2013 WL 3328609 *4 (W.D. Wash. July 1, 2013) (*quoting Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). Had the ALJ fully credited the opinion of Dr. McClelland, she may have included additional limitations in the RFC and in the hypothetical questions posed to the vocational expert regarding plaintiff's ability to engage in work activity within an average schedule and work week. The ultimate disability decision may have changed, and thus the error is not harmless.

II.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

ORDER - 9

(1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, the outstanding issue is whether the vocational expert, with a hypothetical that includes all relevant functional limitations, may find an ability to perform other jobs existing in significant numbers in the national economy. Accordingly, remand for further consideration is warranted in this matter.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 5th day of May, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10